# **EXHIBIT "A"**

# DEBEVOISE & PLIMPTON

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

August 13, 2003

BY FACSIMILE

Season Spirit Inc.
231 South Lemon Ave.
Walnut, CA 91748
Attention: Larry Wang
Fax: (909) 869-1177

             **In re Pillowtex Corporation, et al.**
             **Bankr. D. Del. Case No. 03-12339 (PJW)**

Dear Mr. Wang:

     Reference is made to the Supply Agreement, dated December 17, 2001 (the "Agreement"), relating to the provision by you of certain raw materials and other goods (collectively, the "Goods") used in connection with the production of certain pillow and pad products by affiliates of Pillowtex Corporation (the "Company"). Under Section 5 of the Agreement, once the Company places a purchase order, ownership of the Goods passes to the Company at your point of shipment which is the warehouse facility maintained by you. Upon shipment of the Goods to the Company, you are required to issue an invoice.

     By email dated June 28, 2003, you have acknowledged to representatives of the Company that (i) the Company has remitted payment to you in the amount of approximately $5.3 million for the shipment of Goods under the Agreement, (ii) you are in possession of the Goods for which such payments were made and (iii) you intend to withhold future shipment of all Goods until the Company satisfies certain payment obligations that accrued under the Agreement prior to July 30, 2003.

     As you are aware, on July 30, 2003, the Company and certain of its affiliates (collectively, the "Debtors") commenced Chapter 11 cases (the "Chapter 11 Cases") by filing voluntary bankruptcy petitions with the Bankruptcy Court for the District of Delaware. Pursuant to Section 362(a) of the Bankruptcy Code, the commencement of the Chapter 11 Cases operates as a stay against, among other things: (i) any act to obtain possession of property of the Debtors' estate or to exercise control over property of the

Season's Spirit                                   2                              August 11, 2003

Debtors' estate; (ii) any act to collect, assess, or recover a claim against the Debtors that arose before July 30, 2003 and (iii) the setoff of any debt owing to the Debtors that arose before July 30, 2003 against any claim of the Debtors.

All the Goods in your possession for which payment has been made, or as to which title has otherwise passed to Pillowtex under the Agreement, without giving effect to any setoff asserted by you (such goods, the "Estate Goods"), constitute "property of the estate" of the Debtors, as that term is used in Section 541(a) of the Bankruptcy Code. Your refusal to ship the Goods at issue is a willful violation of the automatic stay provisions set forth in Section 362(a) of the Bankruptcy Code.

We hereby demand that you immediately release and deliver to the Debtors all the Estate Goods. Unless all the Estate Goods are immediately shipped to the Debtors, or, in the alternative, a full refund of all payments dispatched by the Debtors in respect of the Estate Goods is promptly returned to the Debtors, including reasonable interest thereon, the Debtors intend to file appropriate pleadings in the Bankruptcy Court in order to exercise all available remedies, including seeking an order or orders of the Bankruptcy Court compelling you to (i) deliver all the Estate Goods to the Debtors and (ii) pay to the Debtors damages arising from your breach of the Agreement and violation of the automatic stay, including, without limitation, (A) actual damages (including costs and attorneys' fees) and (B) appropriate punitive damages, pursuant to Section 362(h) of the Bankruptcy Code.

Please call me immediately at (212) 909-7489 to discuss this matter.

                                                            Respectfully yours,


                                                            James B. Roberts